UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWONN D WASHINGTON,

        Petitioner,

   v.

STATE OF WASHINGTON,

        Respondent.

Case No. C19-6013-RBL-TLF

ORDER TO SHOW CAUSE OR
FILE AMENDED PETITION

Petitioner Antwonn D. Washington, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner challenges his conviction and sentence for First Degree Felony Murder with 60-month firearm enhancement, First Degree Robbery with 60-month firearm enhancement, First Degree Burglary with 60-month firearm enhancement, and Second Degree Arson. *Id.* The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner indicates he appealed his state court conviction and sentence on different grounds than those

ORDER TO SHOW CAUSE OR FILE AMENDED
PETITION - 1

raised in the instant petition[1] to the Washington Court of Appeals and that his appeal was denied. Dkt. 1, at 1-5. Petitioner states he did seek further review by a higher state court but identifies the court again as the Washington Court of Appeals. *Id.*, at 3. Thus, it is unclear from the face of the petition whether petitioner appealed his conviction to the Washington Supreme Court.

In his petition, petitioner contends his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment. Dkt. 1, at 6-13. Petitioner indicates that he has not raised the grounds for relief raised in the instant petition in state court either on direct appeal or on a petition for collateral relief. *Id.* He indicates he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition; he asserts that the state courts lack jurisdiction to decide issues raised under the United States Constitution.[2] *Id.*

However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)[3]. The Court therefore

---

[1] Petitioner indicates that on direct appeal he raised the issues of "insufficient evidence to support conviction and ineffective assistance of counsel." Dkt. 1, at 2.

[2] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 1, at 13. The Court interprets this as a typographical or scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

[3] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

ORDER TO SHOW CAUSE OR FILE AMENDED
PETITION - 2

orders the petitioner, if he wants to pursue his claims in federal court, to take steps to meet the requirement of exhaustion of state remedies.

Petitioner must either:

(1) show cause in writing why the Court should not dismiss this federal habeas corpus petition without prejudice to allow him to exhaust his current claims (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment) in the state courts;

or

(2) if petitioner intends to pursue in federal court the same grounds that he has already raised and claims to have exhausted on direct appeal in state court (i.e. insufficient evidence to support conviction and ineffective assistance of counsel), then he may file an amended petition identifying those grounds as the basis for seeking federal habeas relief;

and,

    a. if petitioner decides he does not want to pursue his unexhausted claims in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may delete those claims from the petition; or

    b. if petitioner intends to pursue the unexhausted grounds raised in his current habeas petition in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may request that the

Court order a stay of proceedings on the petition for habeas corpus (also known as a "mixed" petition because it would contain both exhausted, and unexhausted claims) to allow the petitioner to present his unexhausted claims to the state courts; he would then have an opportunity to return to federal court and request that the stay be lifted for a later review of his perfected petition (after every claim has been exhausted).

*See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (When faced with a mixed petition containing both exhausted and unexhausted claims a federal district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.).

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To

exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented the grounds for relief raised in his petition to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits[.]" Dkt. 1, at 6-13. This argument fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition states, petitioner has not properly exhausted the claims for relief raised in his petition in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner acknowledges he has not

presented the claims raised in his petition to the highest state court and it would appear his petition is not eligible for federal habeas review. Dkt. 1, at 1-13.

## ORDER

Based on the foregoing discussion, the Court finds that this petition should be dismissed because it does not meet the exhaustion requirement for federal habeas review. The Court **orders the petitioner, on or before April 6, 2020, to either:**

**(1) show cause in writing why the Court should not dismiss this federal habeas corpus petition without prejudice to allow him to exhaust his current claims (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment) in the state courts;**

**or**

**(2) if petitioner intends to pursue in federal court the same grounds that he has already raised and claims to have exhausted on direct appeal in state court (i.e. insufficient evidence to support conviction and ineffective assistance of counsel), then he may file an amended petition identifying those grounds as the basis for seeking federal habeas relief**

**and,**

    **a. if petitioner decides he does not want to pursue his unexhausted claims in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may delete those claims from the petition; or**

**b. if petitioner intends to pursue the unexhausted grounds raised in his current habeas petition in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may request that the Court order a stay of proceedings on the petition for habeas corpus (also known as a "mixed" petition because it would contain both exhausted, and unexhausted claims) to allow the petitioner to present his unexhausted claims to the state courts; he would then have an opportunity to return to federal court and request that the stay be lifted for a later review of his perfected petition (after every claim has been exhausted).**

**The failure to file a timely response may result in the dismissal of this matter without prejudice.**

The Clerk is directed to provide a copy of this order to petitioner along with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Dated this 4th day of March, 2020.

Theresa L. Fricke
United States Magistrate Judge