UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWONN D WASHINGTON,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C19-6013-RBL-TLF

REPORT AND RECOMMENDATION

Noted for June 5, 2020

Petitioner, Antwonn D. Washington, proceeds *pro se*, in this federal habeas corpus action brought pursuant to 28 U.S.C. § 2254. Dkt. 11. The petition has not been served on the respondent. The Court screened the petition and on March 4, 2020, issued an order directing petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies or to file an amended petition. Dkt. 12. Petitioner filed a response to the Court's Order to Show Cause and requested counsel. Dkt. 13.

For the reasons below, the Court should dismiss the federal habeas petition (Dkt. 11) without prejudice as unexhausted. The Court should deny petitioner's request for appointment of counsel (Dkt. 13). Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his conviction and sentence for First Degree Felony Murder with 60-month firearm enhancement, First Degree Robbery with 60-month firearm enhancement, First Degree Burglary with 60-month firearm enhancement, and Second Degree Arson. Dkt. 11, at 1. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my

REPORT AND RECOMMENDATION - 1

federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 6-13. Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

Petitioner does not indicate he has exhausted his state court remedies with respect to *the specific claims raised in his petition*. Dkt. 11. Petitioner indicates he did file a direct appeal of his state court conviction and sentence but on *different grounds* than those raised in his petition.[1] *Id.*, at 3-4. In his petition, petitioner indicates he raised these different grounds to the Washington Court of Appeals and that his appeal was denied. *Id.*, at 1-5. The petition indicates petitioner did seek further review by a higher state court but identifies the court again as the Washington Court of Appeals. *Id.*, at 3.

The petition affirmatively states that petitioner has not raised the grounds raised in his petition either on direct appeal or through a post-conviction motion or petition for habeas corpus in a state trial court. *Id.*, at 6-12. Petitioner states that he did not raise these claims to the highest state court having jurisdiction because "[t]he State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside it's [sic] jurisdictional or statutory governing limits[.]" *Id.*

On March 4, 2020, the Court issued an order directing petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies or

---

[1] Petitioner indicates that on direct appeal he raised the issues of "insufficient evidence to support conviction and ineffective assistance of counsel." Dkt. 11, at 2.

REPORT AND RECOMMENDATION - 2

to file an amended petition. Dkt. 12. In the order the Court noted that petitioner indicated he appealed his state court conviction and sentence on *different grounds* than those raised in his petition to the Washington Court of Appeals and that his appeal was denied. Dkt. 11, at 1-5; Dkt. 12. The Court noted petitioner indicated he did seek further review by a higher state court but identified the court again as the Washington Court of Appeals. *Id.*, at 3. Thus, the Court noted it was unclear from the face of the petition whether petitioner directly appealed his conviction to the Washington Supreme Court.

Because petitioner indicated he had not raised *the specific claims raised in his petition* to the highest state court, but it appeared petitioner may have raised and exhausted *other claims*, the Court ordered petitioner to either:

(1) "show cause in writing why the Court should not dismiss this federal habeas corpus petition without prejudice to allow him to exhaust his current claims (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment) in the state courts; or
(2) if petitioner intends to pursue in federal court the same grounds that he has already raised and claims to have exhausted on direct appeal in state court (i.e. insufficient evidence to support conviction and ineffective assistance of counsel), then he may file an amended petition identifying those grounds as the basis for seeking federal habeas relief;
and,
   a. if petitioner decides he does not want to pursue his unexhausted claims in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may delete those claims from the petition; or
   b. if petitioner intends to pursue the unexhausted grounds raised in his current habeas petition in state court (i.e. his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment), then he may request that the Court order a stay of proceedings on the petition for habeas corpus (also known as a "mixed" petition because it would contain both exhausted, and unexhausted claims) to allow the petitioner to present his unexhausted claims to the state courts; he would then have an opportunity to return to federal court and request that the stay be lifted for a later review of his perfected petition (after every claim has been exhausted)."

Dkt. 12.

REPORT AND RECOMMENDATION - 3

1    Petitioner filed a response to Court's Order to Show Cause in which he contends
2 he believes he has satisfied the exhaustion requirement because he raised the claims
3 he raised on direct appeal to the Washington Supreme Court. Dkt. 13. Petitioner also
4 requests appointment of counsel. *Id.*

## DISCUSSION

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 11, at 6-13. Petitioner indicates that he does not intend to bring these claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*[2] However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[3]

---

[2] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 11, at 13. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 6-13. Petitioner was alerted to this issue and given an opportunity to show cause why the petition should not be dismissed for failure to exhaust his state court remedies.

[3] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)  (i) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 4

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

Moreover, as the Supreme Court has held:

> I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, *we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.*

*Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (emphasis added).

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

1   Petitioner must raise *the grounds for relief contained in his habeas petition* to the
2   Washington Court of Appeals and Washington Supreme Court. Petitioner contends he
3   has not presented the specific grounds for relief raised in his petition to the state courts
4   because the state courts lack the "jurisdictional authority to decide on United States
5   Constitution matters, which are outside [its] jurisdictional or statutory governing limits."
6   Dkt. 11, at 6-13. However, this argument fails because 28 U.S.C. § 2254(d)(1)
7   recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional
8   rights of a state criminal defendant were violated. Federal habeas relief is available to
9   address where the state court's adjudication was "contrary to, or an unreasonable
10  application of, clearly established federal law, as determined by the Supreme Court of
11  the United States." 28 U.S.C. § 2254(d)(1).
12      In his response to the Court's Order to Show Cause, petitioner argues that he
13  believes he has exhausted his state court remedies because he raised the claims he
14  raised on direct appeal to the Washington Supreme Court. But, as noted above, and as
15  made clear in the Court's Order to Show Cause, the claims petitioner states he raised
16  on direct appeal are different claims than the claims he raises in his petition. Petitioner's
17  response to the Court's Order to Show Cause does not demonstrate that he has
18  properly exhausted the claims he raises in his petition. Furthermore, although petitioner
19  was given the option to file an amended petition to include the claims he raised (and
20  claims to have exhausted) on direct appeal, he failed to do so.

As the petition plainly states, petitioner has not presented the claims raised in his petition to the highest state court.[4][5] Dkt. 3, at 5-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted at the time of filing."). Petitioner's response to the Court's Order to Show Cause does not demonstrate the exhaustion of these claims. Accordingly, the Court recommends that the petition be dismissed without prejudice as unexhausted.[6]

---

[4] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[5] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

[6] "A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein." *Fisher v. Clark*, No. CV 13-08600-VBF MAN, 2014 WL 1457816, at *3 (C.D. Cal. Apr. 14, 2014) (*citing Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115

REPORT AND RECOMMENDATION - 7

1 PETITIONER'S MOTION TO APPOINT COUNSEL

2 In his response to the Court's Order to Show Cause, petitioner also requests that
3 the Court appoint counsel. Dkt. 13. Petitioner's motion should be denied.

4 There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254
5 unless an evidentiary hearing is required or such appointment is necessary for the
6 effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495
7 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United*
8 *States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d
9 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States
10 District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if
11 the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to
12 appoint counsel, the Court "must evaluate the likelihood of success on the merits as
13 well as the ability of the petitioner to articulate his claims *pro se* in light of the
14 complexity of the legal issues involved." *Id.*

15 Petitioner argues counsel should be appointed because he suffered an aneurism
16 in 2013 and continues to suffer from seizures, migraines, glaucoma, and photophobia.
17 Dkt. 12. He also alleges his facility is in "modified lock-down" due to the "Coronavirus
18 pandemic" and access to the law library and other programs have been cancelled or
19 prohibited until further notice. *Id.*

20 As discussed above, the Court is recommending dismissal of the petition without
21 prejudice based on petitioner's failure to exhaust state court remedies with respect to

---

L.Ed.2d 640 (1991))). The record here does not permit the Court to conclude with certainty that petitioner is foreclosed under Washington State law from exhausting his claims.

the claims raised in his petition. In light of this recommendation, the Court does not find good cause for granting leave to conduct discovery and no evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

Furthermore, petitioner effectively articulated his grounds for relief raised in the petition, was able to articulate his arguments in response to the Court's Order to Show Cause, and it appears clear from the petition and petitioner's response to the Court's Order to Show Cause, that he has not raised *the specific claims raised in his petition* to the highest state court. Furthermore, although the Court need not reach the merits of petitioner's claims in light of petitioner's failure to exhaust his state court remedies, petitioner's substantive claims do not appear to be factually or legally complex and, for the reasons stated above, it appears unlikely petitioner would succeed on the merits. *See* Dkts. 11, 12. Thus, petitioner has not shown the interests of justice require the Court to appoint counsel.

As petitioner has not shown appointment of counsel is appropriate, the request for counsel (Dkt. 13) should be denied without prejudice. If the Court declines to adopt this Report and Recommendation and dismiss the petition and, instead, allows the petition to proceed, petitioner may refile his motion for counsel if appropriate.

### CONCLUSION AND DEADLINES FOR OBJECTIONS

Based on the foregoing discussion, the undersigned recommends that the Court **dismiss the petition for writ of *habeas corpus* (Dkt. 11) without prejudice as unexhausted**. Petitioner's request for counsel (Dkt. 13) should also be **denied**.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of

appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.**

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 5, 2020**, as noted in the caption.

Dated this 5th day of May, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge